UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-76-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JACOB SLUSHER, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 80 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Jacob Slusher's guilty plea and adjudge him guilty of Count One of the Superseding Indictment (DE 23). *See* DE 81 (Recommendation). Judge Ingram expressly informed Slusher of the right to object to the recommendation and to secure de novo review from the undersigned. *See id.* at 2–3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 81, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Superseding Indictment;

2. The Court **CANCELS** the trial as to this Defendant; and

3. The Court will issue a separate sentencing order.[1]

This the 4th day of August, 2021.

Signed By:
**Robert E. Wier**  *REW*
**United States District Judge**

---

[1] At the hearing, Judge Ingram remanded Defendant to custody. *See* DE 80. This was Defendant's status pre-hearing. *See* DE 12; DE 37. The Court, thus, sees no need to further address detention at this time. His detained status will persist pending sentencing.